## SUPREME COURT.

### John Pindar agt. James Black.

In an *affidavit* upon which an *order of arrest* is to be founded, (§ 481) two things must be made to appear: 1st, that a sufficient cause of action exists; 2d, that it is among those specified in the 179th section.

It is not sufficient for the party making the affidavit to state that "his case is one of those mentioned in section 179." It must appear from the facts stated that it is such a case. It is not necessary that the affidavit should state that "an action has been, or is about to be commenced."

It is not necessary that the *name* of the party to be arrested should be stated. If unknown, he may be designated as *the real defendant* in the suit or proceeding, and whose name is not known, or by any name. (§ 175.)

The *entitling the affidavit in a suit* (which, under the former practice, was fatal,) may now be disregarded, under § 176 of the code, as not affecting the substantial rights of the adverse party.

*Albany Special Term, August,* 1849.—This was a motion to vacate an order for the arrest of the defendant, upon the ground that the affidavit upon which it was granted was insufficient. The affidavit was as follows: "Supreme Court. *John Pindar* v. *John Doe.* Albany county, ss.: John Pindar, being duly sworn, deposes and says, that on the 22d day of May, 1849, *the real defendant* in this suit, and whose name is not now known to this deponent, was in command of the sloop Hornet, of Troy, on her passage up the Hudson river, which, at said time, while

before the wind, wrongfully ran into the seine net of this deponent at Catskill, in the county of Greene, and damaged the same to the loss of this deponent of $125, or thereabouts; and said sloop afterwards continued on her course up said river, without offering or making reparation for the said injuries; and that the real defendant in this cause had command of said sloop at the time of the said damage and injury to the property of this deponent." Upon this affidavit, Mr. Justice PARKER made an order for the arrest of *the defendant*, and that he be held to bail in the sum of one hundred dollars.

J. K. PORTER, *for defendant*.
JAMES PARKER, *for plaintiff*.

HARRIS, Justice.—The requisites of an affidavit upon which an order of arrest is to be founded, are prescribed in the 181st section of the code.

Two things must be made to appear. First. That a sufficient cause of action exists; and then, that such cause of action is among those specified in the 179th section. Let us try the sufficiency of the affidavit in this cause by this test. And, first, as to the cause of action. It is stated positively, that the sloop Hornet, while under the command of the defendant, wrongfully ran into the seine net of the plaintiff, and injured it to the extent of $125. This I regard as equivalent to saying that the defendant had wrongfully injured the plaintiff's property. If this be so, "a sufficient cause of action is shown to exist." Then, is it a a case within the 179th section? If a cause of action exists at all, it is, as we have seen, *for injuring property*, and is therefore within the very letter of the first subdivision of the section last mentioned. It cannot be necessary, indeed, I do not think it would be sufficient, for the party making the affidavit, to state that "his case was one of those mentioned in section 179. It is enough that the judge can see from the facts stated, that it is such a case; and unless facts enough to show this are stated, the affidavit is insufficient. Assuming the facts stated in the affidavit to be true, the plaintiff had a sufficient cause of action against the defendant, and that cause of action was one upon which he had a right to have the defendant arrested. I do not think it necessary that the affidavit should state that an action has been, or is about to be commenced. By the 183d section, it is provided, that the order of arrest may be executed when the summons is served, or at any time afterwards. To require the party, when he applies for the order, to state that he is about to commence an action, would be equivalent to requiring him to say he intends to make use of the order; but it is enough that the statute does not demand such a statement.

The next ground of objection is, that the affidavit does not show *who committed* the injury. It is true the name of the party against whom the order was sought, was not given. The plaintiff states that it was unknown to him. But he says his cause of action is against the person whatever his name, who, upon the occasion of the injury, had command of the vessel. He thus identifies the defendant, and with as much, perhaps greater accuracy, than he would, if he had merely given his name. The judge, accordingly, makes his order to arrest the defendant—not, indeed, to arrest James Black—but to arrest the man who was in command of the sloop Hornet when the injury was done—which as well describes James Black, as though he had been called by name. In either case the officer would have to rely upon information *aliunde*, to determine who was the defendant. In the one case, he must ascertain what person bore the name of James Black; and, if he should happen to find several designated by that name, he would then be under the further necessity of ascertaining as best he might, which James Black was intended. In the other case, he would only have to ascertain who was, at the time specified in command of the sloop Hornet. The plaintiff being ignorant of his name, was authorized by the 175th section to designate him by any name, in any pleading or *proceeding*. He might as well call him "*the man in command of the sloop Hornet*," as by any other name, more brief, but less distinctive.

The only remaining point urged by defendant's counsel in support of his motion, which it is necessary to notice, is, that the affidavits is entitled in a cause which as yet had no existence. Under the former practice, this objection might have been fatal to the proceedings. It seems to have been settled by authority, though I have never been able to perceive the soundness of the reason upon which the rule was founded, that affidavits to hold to bail must not be entitled. The only reason that has ever been assigned for the rule is, that as the affidavit purports to be made in a suit when in fact no suit is pending, an indictment for perjury could not be sustained, if the affidavit should prove to be false. I can see no difficulty, however, in sustaining an indictment, containing proper allegations, in such a case. But whatever should have been the rule under the former practice, it is enough to say now, that the error or defect, if it be one, "does not affect the substantial rights of the adverse party," and I am, therefore, required by the 176th section of the code to disregard it. The motion must be denied; but as the questions are new, the defendant ought not to be charged with the costs of the motion.