SAMUEL SMITH *et al., Respondents, v.* JEREMIAH M. RICHARDSON *et al., Appellants.*

VENUE IN AFFIDAVITS.—Section 505 of the Practice Act has no reference to the *venue* of an affidavit, but refers solely to the *title of the action*, thereby modifying the Common Law in this respect. An affidavit without the *venue* should not be used as evidence on the hearing of the cause.

ID.—The omission of the letters "ss" in the venue of an affidavit, will not vitiate the same. Their use or omission is more a matter of form than of real substance.

APPEAL from the Third District Court.

The facts are stated in the opinion.

*Bennett & Whitney,* for Appellants.

*Marshall & Royle,* for Respondents.

EMERSON, J., delivered the opinion of the Court.

This is an appeal from an order refusing a new trial.

The grounds upon which the motion for a new trial were based, are as follows :

First. Newly discovered evidence material to the Defendants, which they could not with reasonable diligence have discovered and produced at the trial.

Second. Insufficiency of the evidence to justify the findings and decision.

Third.   That the decision is against law.

Fourth.   Error in law occurring at the trial and excepted to by the Defendants.

The case was tried by a Referee, under an order of the Court, and by consent was heard upon affidavits, and without the production of any witnesses in Court.

The fourth ground of the motion is the only one necessary for us to examine, as the conclusion we have reached upon that will be decisive of the case.

The error complained of at the trial consists in admitting certain affidavits produced by the Respondents, and read in evidence, against the objection of the Appellants.

The first objection was the omission of the letters "ss," from the venue of a portion of the affidavits.   We think this objection untenable.   These letters form no material part of the venue.   And although it is customary and more lawyer-like to use them after stating the venue, yet their use or omission, like the use or omission of the letters "viz," or the words "to-wit," for which the letters "ss" are a substitute, is more a matter of form than of real substance.

There was no error in overruling this objection.

The objections to the affidavits of Taylor, McLaughlin, Weightman, Davis, J. F. Norman, Page and Palmer, is of a more serious nature.

To these affidavits there was no venue whatever, and for anything the record discloses, they may have been taken in Canada, or California, and the oaths administered extra-judicial and void.

Affidavits taken at a place beyond that where the officer was authorized to act, should not be received by the Court.   Whether these affidavits were so taken or not, is left entirely to conjecture.   If the Court has the right to presume anything about them, it would be a fair presumption that the witnesses were not accessible, and were abroad or beyond the jurisdiction of the Court, or the parties would never have resorted to so unsatisfactory a mode of trying their case.

If they were taken out of the Territory, then, by Section 402 of the Practice Act, they should have been sworn to before another officer than a Notary Public, to entitle them to be used in this Territory. Nothing should have been left to the presumption of the Court. The affidavits should have shown upon their face every pre-requisite to entitle them to be received as evidence here. True they were entitled in the Court and cause, but this forms no part of the venue, and can not be taken as a substitute for it. The same entitling or the same in substance would be necessary, if taken in a State or foreign country. Its only use or purpose is to identify the affidavit with the Court and cause in which it is to be used. Section 505 of the Practice Act has no reference to the venue of an affidavit, but refers solely to the title of the action, modifying the strict rule of the common law, which required the *exact* title to be set out in every affidavit designed to be used in a Court of Law.

The venue is an essential part of every affidavit, designed to be used as evidence in Courts of this Territory, and is *prima facie* evidence of the place where it was taken. (Lane *v.* Morse, 6 How Pr. 394 ; Cook *v.* Stout, 18 Barb. 407).

The Respondent's objections should have been sustained, and the affidavits excluded.

With these out of the case the evidence is insufficient to support the findings, and doubtless the Referee would have come to a different conclusion than he did, if this evidence had been excluded.

Upon this we are all agreed, and as there would be a difference of opinion between us upon the other points raised by the motion, and inasmuch as there must be a new trial at all events, we express no opinion upon those points.

The judgment and order refusing a new trial is reversed, and the cause remanded for a new trial.

McKEAN, C. J., concurred.

BOREMAN, J., concurred in the conclusion reached.