### ANDERSON v. HORN.

*(City Court of New York, Special Term. June 10, 1889.)*

JUDGMENT—MOTION TO VACATE—MISNOMER OF DEFENDANT.

Where defendant is sued in the name of John Horn, which the complaint alleges is his correct name, and defendant answers in the name of John A. Horan, which he alleges is his correct name, and the answer is returned, and judgment taken by default, a motion to vacate the judgment will not be passed on until the court has ascertained which is defendant's name.

At chambers. Action by Mary A. Anderson against John Horn. After the answer had been served, and plaintiff's attorneys had admitted service, they returned the answer because defendant was described as John A. Horan, stating that they had no such suit in their office, and, receiving no reply, proceeded in the usual six days to enter judgment in favor of plaintiff. Defendant now moves to vacate the judgment, and all subsequent proceedings.

*James J. Thornley,* for plaintiff. *McCall & Arnold,* for defendant.

McADAM, C. J. A defendant ought to be sued in the surname of his ancestors, and the Christian name given to him in baptism. *Bank* v. *Magee,* 20 N. Y. 355, 363. If the defendant is known by two names, he may be sued by either, (*Eagleston* v. *Son,* 5 Rob., N. Y., 640,) or that by which he is generally known, though not his real name, (*Cooper* v. *Burr,* 45 Barb. 9;) or, if the real name be unknown, he may be sued by a fictitious name, adding a description identifying the person intended, (Code Civil Proc. § 451,) such as "the man in command of the ship Hornet," (*Pindar* v. *Black,* 4 How. Pr.

95.)   This liberality in practice fails, however, to prevent the ever-recurring confusion caused by misnaming the defendant,—an error which becomes more difficult to repair as the proceeding advances.   The plaintiff charges that the defendant engaged board under the name of "John Howard," and that his correct name is "John Horn," and by this name the defendant was sued.   He undertook to defend in the name of "John A. Horan," which he claims to be his correct cognomen.   His plea was returned.   It is not a case of misspelling or of *idem sonans,* but of misnomer or nothing.   The court must first ascertain the defendant's true name or his *alias dictus* before it can undertake to decide whether he has been correctly proceeded against or not.   When the facts are settled, there will be no trouble in correctly applying the law.   The parties must appear in court for oral examination on June 11th, at 2 P. M. On the conclusion of the examination the application will be decided.