JOHN D. BABCOCK and Another, Respondents, *v.* WILLIAM J. KUNTZSCH, Appellant.

*Venue in an affidavit — omission of "ss" — amendment thereof under section 723 of Code Civil Procedure.*

The omission from the venue in an affidavit sworn to before a commissioner of deeds for the city of Syracuse of the letters "ss" and the words "City of Syracuse," does not invalidate the oath or render the affidavit a nullity.

The court has power to supply such omission upon motion under section 723 of the Code of Civil Procedure.

APPEAL by the defendant, William J. Kuntzsch, from an order of the Supreme Court, granted at the Onondaga Special Term and

entered in the office of the clerk of Onondaga county on the 27th day of September, 1894, amending the venue of an affidavit in the above-entitled action, and denying the motion of the defendant to vacate and dismiss a replevin proceeding.

*Costello & Welch,* for the appellant.

*Gill & Stilwell,* for the respondents.

MARTIN, J.:

This is an appeal from an order made at the Onondaga Special Term September 22, 1894, denying the defendant's motion to dismiss and vacate the replevin proceedings instituted herein by the plaintiffs, and amending the venue of the affidavit upon which the requisition was based.

The principal contention of the appellant is that the affidavit thus used was a nullity because the venue therein did not contain the words " City of Syracuse," and the letters " ss," and that the court had no power or jurisdiction to amend the affidavit by inserting them.

Upon the hearing of this motion it appeared by the affidavit of the commissioner of deeds before whom the affidavit in the replevin proceedings was taken, that he was a duly qualified commissioner of deeds for the city of Syracuse; that the affidavit in replevin was subscribed and sworn to by the affiant before him on the day mentioned therein in the city of Syracuse and within his jurisdiction as such commissioner of deeds. On the hearing of the motion the court denied the defendant's application and ordered the affidavit amended.

The weight of authority in this State seems to be to the effect that the venue of an affidavit is *prima facie* evidence of the place where it was sworn to, and, in the absence of a venue or statement in the jurat as to where it was taken, it would contain no evidence that it was sworn to within the jurisdiction of the officer administering the oath, and without evidence that it was taken by a proper officer within his jurisdiction would be regarded as a nullity, unless the presumption would be that it was taken within his jurisdiction. But the omission does not invalidate the oath or render the affidavit a nullity when it is shown, as in this case. that it was duly adminis-

tered by a proper officer within his jurisdiction, and the omission of the venue may be supplied by amendment. (*Smith* v. *Collier*, 3 N. Y St. Repr. 172 ; *People ex rel. Mosher* v. *Stowell*, 9 Abb. N. C. 456 ; *Mosher* v. *Heydrick*, 30 How. Pr. 161, 171 ; *People ex rel. Morgenthau* v. *Cady*, 105 N. Y. 299, 308 ; *Saril* v. *Payne*, 1 N. Y. Supp. 15 ; *People ex rel. Osborne* v. *County Canvassers of Dutchess County*, 20 id. 329, 330.) "The omission of the letters 'ss' from the venue is immaterial." (1 Am. & Eng. Ency. of Law, 311, citing *Smith* v. *Richardson*, 1 Utah, 194.) "Technically speaking, an affidavit should not be entitled in a cause before the action is commenced, but, for convenience, in referring to the cause and connecting the application with the subsequent proceedings in the action, the strict rule of practice is frequently disregarded and the title of the action given in the affidavit. A formal error of this nature will, as a rule, be disregarded by the court." (1 Wait's Pr. 640, 641, citing *Pindar* v. *Black*, 4 How. Pr. 95 ; *City Bank* v. *Lumley* 28 id. 397.) Section 723 of the Code of Civil Procedure requires the court, in every stage of an action, to disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party.

We are of the opinion that the court was justified in granting the order appealed from, and that it should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

