*Designation of a Superior Court judge to hold Supreme Court Circuits and Special Terms — loss of jurisdiction.*

If a judge of the Superior Court of the city of New York, who has been designated to hold Circuits and Special Terms of the Supreme Court, resigns the office of judge of the Superior Court after having heard, but not decided, an application submitted to him in the Supreme Court, and is thereupon appointed a justice of the Supreme Court, he loses jurisdiction to thereafter decide the matter so under consideration by him.

Appeals by Edmund Coffin, Jr., from the whole, and by Smiten V. Tripp, from a part of an order made at the New York Special Term of the Supreme Court and entered in the office of the clerk of the city and county of New York on the 19th day of March, 1892, appointing commissioners in a proceeding to acquire title to property alleged to be necessary to be taken for the improvement of the water front in the city of New York.

*F. A. Irish* and *Gratz Nathan*, for the appellants.

*C. Blandy*, for the Mayor, etc., respondent.

Van Brunt, P. J.:

There is only one question which it is necessary to consider in the disposition of this appeal, and that is the recital in the order of the objection to the learned judge deciding the motion for the appointment of commissioners, because his right to do so had expired.

It appears upon the face of the order that this application was made to the Hon. George L. Ingraham, a justice of the Superior Court of the city of New York, sitting as a justice of this court pursuant to statute, who, after the hearing and submission thereof, and before any decision had been rendered therein, had resigned his office as a justice of said Superior Court, and had been duly appointed to the office of a justice of this court, and that the respondents had severally objected for that reason to a decision of said application by said justice, the ground of the objection being that he had lost jurisdiction of the application.

It is to be observed that the authority of a justice of the Superior Court of the city of New York, to preside at any of the courts which are ordinarily held by justices of the Supreme Court, is derived from section 12 of the Constitution, which provides that the Legislature may provide for detailing judges of the Superior Court and of the Court of Common Pleas to hold Circuit Courts and Special Terms of the Supreme Court in this city.   And pursuant to such authority the Legislature have authorized the Governor to designate judges of the Superior Court and of the Court of Common Pleas to hold Circuits and Special Terms of the Supreme Court; and pursuant to this authority of the Legislature, the Governor duly designated the Hon. GEORGE L. INGRAHAM, a justice of the Superior Court, to hold Circuit Courts and Special Terms of the Supreme Court in the city of New York, and while acting under such designation this application was submitted.   He, having resigned his position as judge of the Superior Court, was appointed by the Governor a justice of the Supreme Court, to fill a vacancy caused by death.

I am of the opinion that when Mr. Justice INGRAHAM resigned his office as judge of the Superior Court, he lost jurisdiction of this matter, which was then undetermined, and that there is no similarity between this case and the case to which attention has been called, of a judge of the court succeeding himself by popular election.   It has been held repeatedly and has been the continuous practice to treat the terms of judicial officers, since such officers became elective, where the judge or justice succeeds himself as one continuous term, there being no interval of time during which he did not hold the office.

But in the case at bar a different question arises.   The office which Justice INGRAHAM held after his resignation as judge of the Superior Court was a different one, although it was judicial in its character.   When he ceased to be a judge of the Superior Court his judicial authority ceased; and when he became a justice of the Supreme Court by appointment of the Governor, his authority as such justice then first commenced.

It is true that by section 236 of the Code it is provided in respect to judges of the Superior Court and the Court of Common Pleas who may be designated to hold terms of the Circuit Court and of the Special Term, that such judge, during the period of designation,

possesses all the powers of a justice of the Supreme Court in or out of court to make orders in any action or special proceeding in the Supreme Court. But this does not make him a justice of the Supreme Court. His judicial authority arises from the fact that he is a judge of a court from which he may be detailed to hold Circuits, which are independent of the Supreme Court, and Special Terms of the Supreme Court. He may perform some of the duties of a justice of the Supreme Court; but, notwithstanding the broad language of the provision above quoted, it cannot be claimed for a moment that he possesses all the powers of a justice of the Supreme Court, because he has no power to preside at any term of any court independent of the Supreme Court, except the Circuits. He is, for example, necessarily excluded from the Court of Oyer and Terminer, although he is said to have all the powers of a justice of the Supreme Court.

It will be seen, therefore, that the office which the learned justice holds is different from that which he held when this application was submitted; and it not having been decided until that office terminated and he entered upon the duties of a new and independent one, he clearly lost jurisdiction.

The order should be reversed, with ten dollars costs and disbursements.

O'BRIEN and FOLLETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.