IRVING NAT. BANK v. MOYNIHAN et al.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. COURTS—SUPREME COURT—JUDGES— TRIAL — APPOINTMENT TO APPELLATE DIVISION—REVOCATION OF APPOINTMENT—DECISION OF CAUSE—JURISDICTION.

Const. art. 6, § 2, provides that there shall be an appellate division of the supreme court, consisting of a certain number of justices in each department, and that the governor may make temporary designations in case of the absence or inability to act of any justices in the appellate division, and that no justice of the appellate division shall exercise any of the powers of a justice of the supreme court other than those of a justice out of court and those pertaining to the appellate division. Held that, where a cause had been tried before a justice of the supreme court, and before the decision thereof he was temporarily appointed to the appellate division, after the revocation of such appointment he had jurisdiction to render a decision in the cause.

Appeal from special term, New York county.

Suit by the Irving National Bank against Daniel C. Moynihan and others. From an order denying a motion to vacate and set aside a decision in favor of defendant Daniel C. Moynihan, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Wm. S. Bennet, for appellant.
Henry H. Man, for respondents.

INGRAHAM, J. The action was tried at a special term of the supreme court in this district on December 10, 1901, presided over by Mr. Justice Davy, a justice of the supreme court in the Seventh judicial district. After the trial was concluded, by direction of the court, and by stipulation between counsel, the time for the submission of the briefs was extended to January 18, 1902, upon which day all papers in the case were to be sent by express to the justice presiding. Upon the 30th day of December, 1901, the governor, in pursuance of section 2 of article 6 of the constitution, temporarily designated Mr. Justice Davy as an associate justice of the appellate division of the supreme court for the Fourth department, which desig-

nation was revoked by the governor on the 20th day of May, 1902. About the 2d of January, after this designation had taken effect, the counsel for the plaintiff notified the counsel for the defendant that the justice before whom the case had been tried had been designated by the governor as a justice of the appellate division, whereupon, in answer to an inquiry by counsel for the defendant, the justice states that his designation to serve in the appellate division was for a few weeks, and that he would be able to take up the case and decide it in the latter part of February or the fore part of March. This communication was at once forwarded to the attorney for the plaintiff, who subsequently notified the defendant's attorney that the plaintiff's brief had been submitted, the date of that submission not appearing in the record. No objection was taken to the submission of the case or to a decision after the designation of the justice had been revoked, and on the 18th day of July, 1902, Mr. Justice Davy made and filed his decision of the case in writing, whereupon the plaintiff moved to vacate this decision.

Section 2 of article 6 of the constitution provides that there shall be an appellate division of the supreme court, consisting of seven justices in the First department and of five justices in each of the other departments; that from all the justices elected to the supreme court the governor shall designate those who shall constitute the appellate division in each department; that he may also make temporary designations in case of the absence or inability to act of any justice in the appellate division, or in case the presiding justice of any appellate division shall certify to him that one or more additional justices are needed for the speedy disposition of the business before it; that "no justice of the appellate division shall exercise any of the powers of a justice of the supreme court, other than those of a justice out of court, and those pertaining to the appellate division or to the hearing and decision of motions submitted by consent of counsel." Section 6 of article 6 of the constitution provides that any justice of the supreme court, except as otherwise provided in this article, may hold court in any county. Mr. Justice Davy presided at the special term of the supreme court in the First judicial district, and had jurisdiction to hold the court and to hear and decide all questions regularly before it for determination. He tried this case, and it was before the court for decision. While the case was in this position, he was designated by the governor, under the provisions of the constitution to which attention has been called, as one of the justices of the appellate division of the Fourth department. While the designation continued, certain of his powers as such justice were in abeyance, and during that period he could not exercise such powers; but he at all times continued to be a justice of the supreme court, and when the temporary designation was revoked, and he ceased to act as a justice of the appellate division of the supreme court, he was then relieved from the disability imposed upon him by this section of the constitution; and I can see nothing to prevent him from then deciding cases that had before been tried before him. In no case cited has this question been presented. That the decision of a case is an essential part of the trial may be con-

ceded; and where a judge's term of office has expired after the case
has been tried, but before it has been decided, that there is a mis-
trial, may be also conceded; but it does not at all follow, because,
in consequence of a provision of the constitution for a short period
between the time that the case has been tried and decided the jus-
tice presiding in the court is temporarily prevented from deciding
the case, that there is a mistrial. The question presented in Re
Mayor, etc., of City of New York, 69 Hun, 270, 23 N. Y. Supp.
532, affirmed on appeal in 139 N. Y. 140, 34 N. E. 757, is not at all
in point. There a judge of the superior court of the city of New
York, assigned to duty in the supreme court, had, under such as-
signment, heard a motion for the appointment of commissioners in
condemnation proceedings. Before the formal order was entered up-
on that motion, the judge had resigned as a judge of the superior
court, and had been appointed a justice of the supreme court; and
the decision in that case was put upon the ground that the powers
of a judge of a court with respect to actions or proceedings pending
before the court over which he presides terminate when he ceases
to be a judge, or when his office expires by resignation, removal,
expiration of his term, or otherwise; that when the judge heard
the case he was a judge of the superior court, when he decided it he
was a justice of the supreme court; that he was not his own suc-
cessor, nor were his judicial acts performed as a judge of the same
court. In this case Mr. Justice Davy has never ceased to be a jus-
tice of the supreme court. He was prohibited from exercising certain
of his powers as such justice during the period that he acted as a
justice of the appellate division; but there is nothing in this provi-
sion, or in any statute to which our attention has been called, that
would justify a determination that a temporary designation to the
appellate division deprived him permanently of jurisdiction to decide
questions legally before him for decision after his service as a jus-
tice of the appellate division had come to an end.

The order appealed from should be affirmed, with $10 costs and
disbursements. All concur.