IRVING NATIONAL BANK, Suing on Behalf of Itself and of All Other Creditors of the WILLIAM B. WEBB COMPANY, Appellant, *v.* DANIEL C. MOYNIHAN, Respondent, Impleaded with WILLIAM B. WEBB and FRANK CRAWFORD, Defendants.

*Temporary designation to serve on the Appellate Division — it does not prevent the decision thereafter of a case theretofore tried.*

A justice of the Supreme Court, who is temporarily designated to serve on the Appellate Division before he has decided a case tried before him at Special Term, may decide such case after the temporary designation is revoked.

APPEAL by the plaintiff, the Irving National Bank, suing on behalf of itself and of all other creditors of the William B. Webb Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of September, 1902, denying the plaintiff's motion to vacate and set aside a decision filed in the action on the 18th day of July, 1902.

*William S. Bennet,* for the appellant.

*Henry H. Man,* for the respondent.

INGRAHAM, J.:

The action was tried at a Special Term of the Supreme Court in this district on December 10, 1901, presided over by Mr. Justice DAVY, a justice of the Supreme Court in the seventh judicial district. After the trial was concluded, by direction of the court and by stipulation between counsel, the time for the submission of the briefs was extended to January 18, 1902, upon which day all papers in the case were to be sent by express to the justice presiding. Upon the 30th day of December, 1901, the Governor, in pursuance

of section 2 of article 6 of the Constitution, temporarily designated Mr. Justice DAVY as an associate justice of the Appellate Division of the Supreme Court for the fourth department, which designation was revoked by the Governor on the 20th day of May, 1902. About the second of January, after this designation had taken effect, the counsel for the plaintiff notified the counsel for the defendant that the justice before whom the case had been tried had been designated by the Governor as a justice of the Appellate Division, whereupon, in answer to an inquiry by counsel for the defendant the justice states that his designation to serve in the Appellate Division was for a few weeks and that he would be able to take up the case and decide it in the latter part of February or the fore part of March. This communication was at once forwarded to the attorney for the plaintiff, who subsequently notified the defendant's attorney that the plaintiff's brief had been submitted, the date of that submission not appearing in the record; no objection was taken to the submission of the case or to a decision after the designation of the justice had been revoked, and on the 18th day of July, 1902, Mr. Justice DAVY made and filed his decision of the case in writing, whereupon the plaintiff moved to vacate this decision.

Section 2 of article 6 of the Constitution provides that there shall be an Appellate Division of the Supreme Court consisting of seven justices in the first department, and of five justices in each of the other departments; that from all the justices elected to the Supreme Court the Governor shall designate those who shall constitute the Appellate Division in each department; that he may also make temporary designations in case of the absence or inability to act of any justice in the Appellate Division, or in case the presiding justice of any Appellate Division shall certify to him that one or more additional justices are needed for the speedy disposition of the business before it; that "no justice of the Appellate Division shall exercise any of the powers of a justice of the Supreme Court, other than those of a justice out of court, and those pertaining to the Appellate Division or to the hearing and decision of motions submitted by consent of counsel." Section 6 of article 6 of the Constitution provides that any justice of the Supreme Court, except as otherwise provided in this article, may hold court in any county. Mr. Justice DAVY presided at the Special Term of the Supreme

Court in the first judicial district and had jurisdiction to hold the court and to hear and decide all questions regularly before it for determination. He tried this case and it was before the court for decision. While the case was in this position he was designated by the Governor under the provisions of the Constitution to which attention has been called as one of the justices of the Appellate Division of the fourth department. While the designation continued certain of his powers as such justice were in abeyance, and during that period he could not exercise such powers, but he at all times continued to be a justice of the Supreme Court, and when the temporary designation was revoked and he ceased to act as a justice of the Appellate Division of the Supreme Court, he was then relieved from the disability imposed upon him by this section of the Constitution, and I can see nothing to prevent him from then deciding cases that had before been tried before him. In no case cited has this question been presented. That the decision of a case is an essential part of the trial may be conceded, and where a judge's term of office has expired after the case has been tried, but before it has been decided, that there is a mistrial may be also conceded; but it does not at all follow, because, in consequence of a provision of the Constitution, for a short period between the time that the case has been tried and decided, the justice presiding in the court is temporarily prevented from deciding the case, that there is a mistrial. The question presented in *Matter of Mayor, etc., of New York* (69 Hun, 270; affirmed on appeal in 139 N. Y. 140) is not at all in point. There a judge of the Superior Court of the city of New York assigned to duty in the Supreme Court had under such assignment heard a motion for the appointment of commissioners in condemnation proceedings. Before the formal order was entered upon that motion the judge had resigned as a judge of the Superior Court and had been appointed a justice of the Supreme Court; and the decision in that case was put upon the ground that the powers of a judge of a court with respect to actions or proceedings pending before the court over which he presides, terminate when he ceases to be a judge or when his office expires by resignation, removal, expiration of his term or otherwise; that when the judge heard the case he was a judge of the Superior Court; when he decided it he was a justice of the Supreme Court; that he was not his own successor, nor were his

judicial acts performed as a judge of the same court. In this case Mr. Justice DAVY has never ceased to be a justice of the Supreme Court. He was prohibited from exercising certain of his powers as such justice during the period that he acted as a justice of the Appellate Division ; but there is nothing in this provision or in any statute to which our attention has been called that would justify a determination that a temporary designation to the Appellate Division deprived him permanently of jurisdiction to decide questions legally before him for decision after his service as a justice of the Appellate Division had come to an end.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and HATCH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.