## WILLIAMSON v. RANDOLPH.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

**1. JUDGES—DISQUALIFICATION—ENTRY OF JUDGMENT.**

Const. art. 6, § 2, provides that no justice of the Appellate Division shall exercise any of the powers of a justice of the Supreme Court. Code Civ. Proc. § 1022, requires a formal written decision of a court upon the trial of an issue of fact, and section 1010 provides that, if the decision is not filed in the clerk's office within 20 days after the final adjournment of the term, either party may move for a new trial on that ground. *Held* that, where a justice before whom an issue of fact was tried announced his determination by filing an opinion, but no decision was signed or judgment entered within 20 days after the final adjournment of the term, and the justice was designated as a justice of the Appellate Division for the term of five years, he was disqualified to enter judgment, and an order restoring the action to the calendar for retrial was proper.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Judges, §§ 220, 221.]

**2. NEW TRIAL—DISQUALIFICATION OF JUDGE—RETRIAL.**

Inasmuch as Const. art. 6, § 3, provides that the testimony in equity cases shall be taken in like manner as in cases at law, the cause being an equity case, in which the testimony must be taken by the trial court in open court, it could not compel the parties to submit the action on the testimony taken on the former trial.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 340.]

Appeal from Special Term, New York County.

Action by Harry L. Williamson against Lewis V. F. Randolph. From an order restoring an action to the calendar for retrial, defendant appeals. Affirmed.

See 96 N. Y. Supp. 644.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William V. Rowe, for appellant.

Egerton L. Winthrop, Jr., for respondent.

INGRAHAM, J. This action was tried before Mr. Justice Clarke, who announced that he had determined it in favor of the defendant;

filing an opinion stating the grounds of his decision. Before the decision· was signed or judgment entered, Mr. Justice Clarke was designated as a justice of the Appellate Division in this department; whereupon, on motion of the plaintiff, the court at Special Term set the case down for a new trial, and from that order the defendant appeals.

Section 2 of article 6 of the Constitution provides that:

"No justice of the Appellate Division shall exercise any of the powers of a justice of the Supreme Court, other than those of a justice out of court and those appertaining to the Appellate Division or to the hearing and decision of motions submitted by consent of counsel."

Under this provision of the Constitution, a designation of a justice of the Supreme Court to the Appellate Division at once suspends his power to preside at the Special or Trial Terms, and during the period for which he was so designated he can perform no judicial function, except as specially authorized by the Constitution. No decision having been signed, the trial was not completed, and Mr. Justice Clarke was disqualified from continuing the trial. If a decision had been actually signed and filed before his designation, a judgment could have been made and entered at the Special Term of the Supreme Court presided over by another justice. But the formal decision required by section 1022 of the Code of Civil Procedure must be in writing, and filed in the clerk's office. Section 1010, Code Civ. Proc. There would be no question if the term of office of the trial judge had· expired, or if for any cause he had ceased to hold the office.

The defendant, however, claims that, as Mr. Justice Clarke's right to decide this case was only suspended during the period that he was acting as a justice of the Appellate Division, the court had no power to order a new trial, but that the case must wait until his designation as a justice of the Appellate Division expires, when he could resume the trial of the case, sign his decision, and direct entry of judgment. Undoubtedly, as we held in the case of Irving National Bank v. Moynihan, 78 App. Div. 141, 79 N. Y. Supp. 528, if his term in the Appellate Division had terminated, no motion in the meantime having been made for a new trial, he could resume the trial, sign the findings, and direct the entry of judgment. Such, however, is not the case. He is · designated for five years from October, 1905. Section 1010 of the Code of Civil Procedure provides that, if the decision is not filed in the clerk's office within 20 days after the final adjournment of the term when the issue was tried, either party may move for a new trial on that ground. This section authorized the order appealed from. We think, therefore, that, as the trial justice had become disqualified to continue the trial, and the decision was not filed as required by section 1010 of the Code, there was a mistrial, and that the court at Special Term was right in directing that the action be sent to the Special Term for trial.

The counsel for the defendant insists, however, that the court should impose as a condition for such retrial that the . case be retried upon the testimony taken on the former trial. If we had power to impose this condition, I should be in favor of imposing it; but I do not think that either the Special Term or this court has such power. Section 3 of article 6 of the Constitution provides that "the testimony in equity cases shall be taken in like manner as in cases at law." This

being an equity case, the testimony under this provision must be taken by the court that tries the case in open court, and the court cannot compel the parties to submit the action to be tried by a judge upon the testimony taken before another judge. We think we have no power to compel upon the new trial the case to be tried in other than the regular and orderly course, as if no trial had been had.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.