THE UNITED PAPERBOARD COMPANY, Appellant, v. IROQUOIS PULP
AND PAPER COMPANY, Respondent.

Fourth Department, October 6, 1926.

**Appeal — Appellate Division may, under Civil Practice Act, § 584, direct
judgment for injunction and remit case for assessment of damages —
permission to appeal to Court of Appeals granted.**

The Appellate Division may, acting under section 584 of the Civil Practice Act,
direct a judgment for an injunction and remit the case to the Special Term for
the assessment of damages.

However, since the question of the power of the Appellate Division is involved
and important, it should be passed upon by the Court of Appeals, and per-
mission is given to appeal to the Court of Appeals.

REARGUMENT of an appeal by the plaintiff, The United Paper-
board Company, from a judgment of the Supreme Court in favor
of the defendant, entered in the office of the clerk of the county of
Washington on the 12th day of December, 1924, upon the report
of a referee appointed to hear and determine the whole issues.

This appeal was transferred from the Third Department.

*William E. Bennett* and *Joseph A. Kellogg,* for the defendant,
in favor of the motion.

*James Todd,* for the plaintiff, in opposition.

PER CURIAM. The defendant upon this motion for reargument,
and in the alternative, for leave to appeal to the Court of Appeals,
questions the power of this court under section 584 of the Civil
Practice Act to direct judgment for an injunction and remit the
case to the Special Term for the assessment of damages. (See 216
App. Div. 639.)

We construe the words " final judgment upon the right of any or
all of the parties " in section 584 of the Civil Practice Act, broadly
to include all such final determinations of a party's right as could
have been made by the trial court. (*Lamport* v. *Smedley,* 213
N. Y. 82; *Acme Realty Co.* v. *Schinasi,* 215 id. 495; *Kaumagraph
Co.* v. *Stampagraph Co.,* 235 id. 1, 10.)

The judgment in question finally determines all the rights
involved in this litigation except the amount of damages. We
have directed judgment without ordering a new trial of all the
issues in the hope of expediting the determination of this litigation.
The question of the power of the Appellate Division is novel and
important and should be passed upon by the Court of Appeals.

The motion for a reargument should be denied, and the motion
for leave to appeal granted and questions certified.

All concur. Present — HUBBS, P. J., CLARK, DAVIS, SEARS and TAYLOR, JJ.

Order and judgment of reversal, entered May 5, 1926, amended by modifying the 34th finding of fact and the first adjudging paragraph of the judgment. Motion for reargument denied. Motion for leave to appeal to Court of Appeals granted, and questions for review certified. Stay granted pending hearing and determination of appeal.