Scott agt. Williams.

---

## SUPREME COURT.

### CHARLES SCOTT and JAMES DUNN agt. WILLIAM C. WILLIAMS and others.

On a motion to *discharge an order of arrest* on affidavits introduced on the part of the defendant in support of the motion, the plaintiff may sustain the order and resist the motion by *proving other contemporaneous frauds* by the defendant. It is the business of a *referee* appointed to take evidence, to take all that is offered, and leave it to the court, on the hearing of the matter, to determine what is or is not competent.

Scott agt. Williams.

New York Special Term, January, 1862.

MOTION to discharge an order of arrest.

Mr. PECK, for the motion.

P. Y. CUTLER, opposed.

LEONARD, Justice.   Where the order of arrest is founded on affidavits showing, in the first instance, that the defendant was guilty of fraud in contracting the obligation upon which the action is brought, proof of other contemporaneous frauds of a like character has a tendency to sustain the charge of fraud upon which such order of arrest was granted, and is admissible.

The proof of other contemporaneous frauds does not make out a new cause of arrest in the action, but enables the court better to decide in the case of conflicting affidavits of the parties, to whom credence ought to be given.

It follows, then, that on a motion to discharge an order of arrest in such a case, on affidavits introduced on the part of the defendants, in support of the motion, that the plaintiffs may sustain the order, and resist the motion, by proving other contemporaneous frauds by the defendants. It will not be a departure from the case originally made on which the arrest was granted.

It is the business of a referee appointed to take evidence, to take all that is offered, and leave it to the court, on the hearing of the matter, to determine what is or is not competent.

The authority of the referee here was to take the evidence and report it with his opinion, not to hear and decide anything.

The plaintiffs must have leave to hand up any affidavits which they may think proper, for the purpose of resisting the defendants' motion.   Such affidavits to be handed to the clerk, at chambers, on or before the second of January next, and the decision of the motion will be reserved till that time.