BERGER *v.* COUNTY COM'RS OF DOUGLAS COUNTY.

(*Circuit Court, D. Nebraska.*    November, 1880.)

1. REMOVAL — ASSIGNEE—ACT OF MARCH 3, 1875, §§ 1, 2.—The first and second sections of the act of March 3, 1875, should be construed together as *in pari materia*, and therefore a removal should not be allowed in a case where the plaintiff is an assignee, unless his assignor might have brought suit in a federal court.

2. SAME — FEDERAL QUESTION — DECREE OF FEDERAL COURT.— A suit to recover taxes erroneously levied by the officials of a county, under a state statute, does not involve any federal question, although the invalidity of such taxes has been established by the decree of a federal court.—[ED.

*J. M. Woolworth,* for plaintiff.

*J. C. Cowin,* for defendant.

McCRARY, C. J.    The first section of the act of congress of March 3, 1875, provides, among other things, as follows: "Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon, if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange."

The second section of the same act provides for the removal, on the application of either party, of cases brought in any state court involving more than $500, and "in which there shall be a controversy between citizens of different states."

In the present case the suit when instituted in the state court was a controversy between citizens of this state, but the original plaintiff, after commencing his suit, assigned the

cause of action to the present plaintiff, who was substituted upon the record as plaintiff, and, being a citizen of Colorado, thereafter moved for and obtained an order of removal on the ground of the citizenship of the parties.

It is conceded that, unless the case presents a federal question,—of which I will speak presently,—the plaintiff could not have brought his suit originally in this court; but it is insisted that, inasmuch as the second section of the act above named, which provides for the removal of causes from the state to the federal courts, does not contain the prohibition against suits by assignees, a case of this character may be brought here by removal. The somewhat analogous sections of the judiciary act of 1789 (sections 11 and 12) were considered by the supreme court in *Bushnell* v. *Kennedy*, 9 Wall. 387. In that case the court said : "The restriction in the eleventh section is not found in the twelfth ; nor does the reason for the restriction exist. In the eleventh section its office was to prevent frauds upon the jurisdiction, and vexation of defendants, by assignments made for the purpose of having suits brought in the name of assignees, but in reality for the benefit of assignors. In the twelfth it would have no office, for the removal of suits could not operate as a fraud on jurisdiction, and was a privilege of defendants, not a hardship upon them."

It is manifest that this reasoning has no application to the act of March 3, 1875, which gives the ·right of removal to either party. Under the judiciary act, inasmuch as the privilege of removal belonged only to the defendant, it was, as the supreme court well said, impossible for plaintiffs to perpetrate frauds upon the jurisdiction by assigning claims to non-residents for the purpose of having suit brought in the state court and removed thence to the federal courts. A plaintiff could not remove a case under that act. But, under the act of 1875, since either party may remove, it is evident that great frauds upon our jurisdiction may be perpetrated with impunity, if the assignee of any claim founded on contract may institute suit in a state court, and at once remove the cause to this court.

All the evils (and they are very serious) which congress intended to prevent by the inhibition of suits by assignees in the cases specified, are made not only possible, but easy, under the removal act, if it is to receive the literal construction contended for by plaintiff's counsel. It is impossible to imagine a case in which suit in this court, by an assignee, is prohibited by the first section of the act of March 3, 1875, and in which the same suit may not be indirectly brought here under the second section of the same act, if the two sections are not construed together, or if it be held that a non-resident assignee may, in all cases of suits founded on contract, remove the cause on the ground of his citizenship. By this construction of the act of 1875 we would point out the mode whereby one citizen of Nebraska, holding a claim against another citizen of that state for more than $500, may assign his claim to a citizen of a neighboring state, who can bring his suit thereon into this court provided only he comes through a state court.

When we consider that the federal courts are few in number and widely separated from each other; that many citizens reside at places far distant from them; that their dockets are overcrowded with cases, and that litigation in them is tedious and sometimes ruinously expensive, we perceive at once the wisdom of those provisions of the statute which have stood from 1789 until the present, which were intended to confine our jurisdiction, in cases where it depends upon the citizenship of the parties, to *bona fide* controversies between citizens of different states. And in order to secure this end it is necessary to prohibit the assignment of causes of action to non-residents, for the purpose of bringing suit either directly or indirectly in the federal courts. I am, therefore, of the opinion that the first and second sections of the act of March 3, 1875, should be construed together as *in pari materia*, and, being so construed, the right of removal should not be allowed in a case where the plaintiff is an assignee, unless his assignor might have sued in this court.

It is insisted, in the second place, that the case involves a question arising under the laws of the United States. It is

so stated in the petition for removal, but we are not bound by that statement. We are at liberty to look into the record and determine from that what the controversy is, and whether it involves a federal question. The plaintiff here sues to recover taxes erroneously levied and collected by the authorities of Douglas county. The statute of the state gives the right of action. No question under any act of congress can arise. The fact that there is a decree of this court establishing the invalidity of the taxes in question does not change the character of the suit. That decree is simply an item of evidence in the case, and its conclusiveness, its construction, or its effect does not require the construction of any law of the United States. We do not decide upon the question whether this case was "brought" in the district court of Douglas county within the meaning of the first section of the act of 1875. It was instituted as a claim against the county, presented to and prosecuted to a decision before the board of county commissioners of that county, from whose decision rejecting the claim an appeal was prosecuted to the district court. These facts present a question of some doubt as to whether the suit was "brought"—that is, instituted, commenced—in the district court; and if it was not, it was not removable. But the conclusions reached upon the other points in the case render a decision of this question unnecessary.

The motion to remand is sustained.