McAdam, Ch. J.
A defendant ought to be sued in the ¡surname of his ancestors, and the Christian name given to him in baptism (Bank of Havana v. Magee, 20 N. Y. 355, 363). If the defendant is known by two names he may be sued by either (Eagleston v. Son, 5 Robt. 640), or that by which he is generally known, though not his real name (Cooper v. Burr, 45 Barb. 9), or if the real name be unknown he may be sued by a fictitious name, adding a description identifying the person intended (Code Civ. Pro. 451), such as “ the man in command of the ship Hornet ” ¡(Pindar v. Black, 4 How. Pr. 95). This liberality in practice fails however to prevent the ever recurring confusion caused by mis-naming the defendant, an error which becomes more difficult to repair as the proceedings advance. The plaintiff charges that the defendant engaged board under the name of John Howard,” arid that his correct name is “ John Horn,” and by this name the defendant was sued. He undertook to defend in the name of “ John A. Horan,” which he claims to be his correct cognomen. His plea was returned. It is •not a case of mis-spelling or of idems sonans, but of misnomer or nothing. The court must first ascertain the defendant’s true name or his alias dictas before it can undertake to decide whether he has been correctly proceeded against or not. When the facts are settled, there will be no trouble in correctly applying the law.
The parties must appear in court for oral examination on June 11, at 2 p. m. On the conclusion of the examination the application will be decided.
Note on the Power of the Court to Take Oral Proof as to Disputes or Question Arising Upon Motions.
The Code (§ 1015) provides, “ That the court may of its own motion or upon the application of either party, without the consent of the other, direct a reference to take an account, and to report to the *477 court thereon, either with or without the testimony, after interlocutory or final judgment, or where it is necessary to do so, for the information of the court; and also to determine and report upon a question of fact, arising in any stage of the action, upon a motion, or otherwise, except upon the pleadings.” The Code (§ 3172) contains a like provision, especially applicable to the marine (now city) court, in these words: “The court may, of its own motion, or upon the application, of either party, without the consent of the other, by order, direct a. reference, to determine and report upon a question of fact, arising upon a motion, in any stage of an action.”
The power to order a reference for the information of the court, was by these sections expressly conferred, but it is not to be inferred from the fact that the power of obtaining such information may be-delegated to a referee to be appointed, that the court itself is divested of the power it is authorized to delegate. This power is inherent in the court, the authority to delegate it alone required legislative sanction. In Meyer v. Lent (16 Barb, at p. 539) Judge Roosevelt, said: “ It is obvious the court may appoint a referee and invest him with-all the powers necessary for the investigation.....If the court, as is indisputable, have power to try the question without a referee and without a jury, must they not, in the absence of positive regulation, have power so to conduct the trial as shall be most consonant with justice and the practice in analogous cases.” The power to refer is. intended more for the convenience of the court than as conferring a right on the parties (Goodyear v. Brooks, 2 Alb. Pr. N. S. 296; Wheeler v. Falconer, 7 Robt. 46). The jurisdiction and authority of the referee is confined and limited to the powers conferred upon him by the order of his appointment. Sullivan v. Sullivan, 41 Super. Ct. R. 519. In these special references, he is practically the amanuensis of the court, he should take all the evidence that is offered, and leave it to the court on the hearing to determine what is or what is not competent. Scott v. Williams, 14 Abb. Pr. 70. The power of the referee cannot be greater than that of the court delegating it. If the court has no power to make the inquiry referred, nothing is delegated to the referee by the order of appointment. Power to delegate the authority is evidence of its existence in the court, upon which the power is conferred, for without it the authority delegated could not be executed, and the power to do an act carries with it as a rule everything necessary to its successful consummation.
Taking the proofs in court, instead of before a referee, has many advantages. Rulings are made as the examination progresses, and the court has the advantage of seeing the witnesses produced, observing their manner of testifying, and is in this way enabled to decide the *478 ■question of credibility intelligently, a difficult thing to do from the mere reading of a written statement, with the face of the witness, the ¡index to his character, absent. Another advantage is that the judge ■may put such questions as he deems material to bring out the salient facts about which he was theretofore in doubt. The point is reached -at once, and the witnesses are thoroughly probed in reference to the ■matter that seemed doubtful, and in this way the doubt is removed more readily and effectually than can be done by means of a reference. •Stenographic notes of the evidence may be preserved, so that either party may procure a copy in the event of an appeal.
The method is summary and inexpensive. It has been frequently used in the city court with good results.
Whether the court has power to enforce such an order in any other way than by adjourning a motion indefinitely or denying it, if the ■moving party refuses to comply, or by granting the motion if the •opposing party refuses to comply, may be a question.
The English judges, who now freely exercise the power to require •a party to appear for oral examination, and to produce a witness whose affidavit has been used to appear, in order that he may be ■cross-examined on the affidavit, treat their power to give such directions as dependent on the statute and the rules of practice made under it. See Raymond v. Tapson, L. R. 22 Ch. Div. 430 ; Smith v. Swansca Dock Co., 1 W. R. 99 ; Backhouse v. Alcock, L. R. 28 Ch. Div. 669 ; Connell v. Baker, L. R. 29 Ch. 711; Wightman v. Whielton, 5 W. R. 337 ; Ellis v. Robbins, 50 L. J. R. Ch. 112. [Some of these cases relate to evidence on a trial or motion for degree.
But while the English courts appear to confine themselves within the authority given by the statute, it is held that counsel cannot take a ease out of that authority by stipulation ; and that a stipulation •that a case be determined upon the affidavits may be disregarded and an order may be made that the parties appear on the trial and the affi■davits be not used. Lovell v. Wallis, 53 L. J. R. Ch. 494.
An affidavit, whether of a party or a third person, cannot be with■drawn for the purpose of preventing cross-examination of him upon it. Re Quartz Hill, etc. Co., L. R. 21 Ch. Div. 642, and cases cited.
But although the English courts sanction cross-examination freely ■wherever any possible material information might be obtained, they will refuse it where the object appears to be to establish irrelevant matters, which may be prejudicial to the party,—as in this case, to ■discredit and if possible compel the withdrawal of her solicitor. Re Mundell, Fenton v. Cumberlege, 52 L. J. R. Ch. Div. 756.
In Smith v. Edwards, 1 Weekly Rep. 18, where it was necessary *479 for plaintiff to show that one of the defendants was without the jurisdiction, and his affidavit on information, etc., was objected to as insufficient, he asked that if the affidavit was insufficient he might be allowed to be examined orally ; and Vice-Chancellor Stuart, after consultation with the other judges, approved this course.
In Besemeres v. Besemeres, 2 W. R. 124; s. c., 23 L. J. Ch. 198; 2 Eq. Rep. 668, on motion for injunction, it was held.by Vice-Chancellor Wood that as the court had power, in its discretion, to refuse the application unless plaintiff would submit to terms, they might require him to submit to cross-examination on his own affidavit, before calling ■on the defendants to produce affidavits in answer.