## HAMES *et al.* *v.* JUDD.

(*Common Pleas of New York City and County, General Term.* April 7, 1890.)

SECURITY FOR COSTS—DEPOSITIONS—JUDICIAL DISCRETION.

    Non-resident plaintiffs were required, as a condition precedent to the allowance of a commission to take testimony abroad, to give security for defendant's costs of the action. Plaintiffs had delayed their application without apparent cause, and a recovery on their cause of action was doubtful. *Held,* that the condition was reasonable, under Code Civil Proc. N. Y. § 889, providing that, "upon granting the order, the court or judge may impose such terms as justice requires."

Appeal from special term.

Action by John J. Hames and Henry Staples against John R. Judd to recover for goods sold and delivered. Plaintiffs appeal from so much of an order granting them a commission to take testimony abroad as requires them to give security for defendant's costs. Code Civil Proc. § 889, provides that, "upon granting the order, the court or judge may, in any case, impose such terms as justice requires."

Argued before LARREMORE, C. J., and DALY, J.

*Smith & White,* for appellants.    *J. C. O'Connor, Jr.,* for respondent.

DALY, J. Usually the granting of a commission is a matter of course, the discretion of the court being exercised with respect to staying proceedings; but the Code now expressly authorizes the court to impose terms. Section 889. In this case the plaintiffs (who are non-residents) are required to give security for defendant's costs of the action as a condition of allowing them a commission to take testimony abroad. The case having been originally brought in a district court, and removed to this court, the defendant had no right to require security for costs, (see special term decision in this case;)[1] but there can be no doubt of the power of the court to require such security, as terms upon the allowance of a commission, if the circumstances of the case are such that justice requires it, to quote the language of section 889. In this case it appears that the plaintiffs have, without apparent cause, delayed their application for a commission; and it also appears that a recovery upon their present alleged cause of action may be doubtful. It seems from the affidavit

[1] See note at end of opinion.

of Mr. Peabody, managing clerk for defendant's attorney, that in October, 1889, plaintiff's attorney asked his consent to an amendment of the complaint, substituting another cause of action, upon which, as they stated, they thought they would be more likely to recover. If there seems a prospect of defendant's succeeding, and he is required by the issuance of a commission to suffer delay, or to incur additional expense, and his judgment for costs could not be collected by execution, as plaintiffs are non-residents, it does not seem unreasonable to require security for such costs from plaintiff when he asks for the commission. The order appealed from should be in all things affirmed, with $10 costs and disbursements.

NOTE.

The opinion of the special term referred to was delivered January, 1890, on a motion to require non-resident plaintiffs to file security for costs in an action originally commenced in a district court, and removed to the court of common pleas, and is as follows:

DALY, J. This application is made under the general provision of the Code, § 3268, relating to security for costs. It provides that the defendant may require such security "in an action brought in a court of record," and it is contended by this defendant that an action removed into this court is an action "brought" in this court. I cannot agree in such a construction of the statute. The word "brought," in the section in question, signifies "begun" or "commenced." The phrase "to bring an action" has settled, customary, legal, as well as general, meaning, and refers to the initiation of legal proceedings in the suit. The fact that the word "commenced" is used in the same section of the Code, as applied to the beginning of the action, does not conflict with this view, since the two expressions "brought" and "commenced" mean the same thing. The word "brought" has never been used as synonymous with "removed" in cases of removal of actions from one court to another. On the contrary, in the sections of the Code relating to such removal the word "brought" is applied to the commencement of the action in the court from which it is removed. Code, §§ 319, 343. The legislators evidently intended that a plaintiff who brought his action in a court not of record, where such court had jurisdiction, should not be required to give security for costs. The objection of the legislation is plain enough; it is to encourage resort to the inferior courts in matters of which they have jurisdiction; and the defendant, by removing the cause into a court of record, cannot deprive the plaintiff of the immunity which he has gained by resorting in the first instance to the favored tribunal. The cases cited by the defendant, as to the *status* of an action after its removal to this court, have no application, as this motion is made upon a special statutory provision. Motion denied, with $10 costs.