### FROST v. REINACH.

(Supreme Court, Special Term, New York County. April 7, 1903.)

1. REFERENCE—ATTORNEY'S LIEN—REPORT OF REFEREES—CONCLUSIVENESS.
   Upon a motion for substitution of attorney in a pending action, a reference to ascertain the attorney's lien is not to hear and determine the same, but to take evidence therein, and report to the court; and hence the findings of the referee are not binding on the court.

2. SAME—EVIDENCE—COMPETENCY—POWER OF REFEREE.
   The referee on a reference to ascertain the amount of an attorney's lien cannot pass on the competency of evidence, but must take what is offered, leaving its competency to the court.

3. SAME—COSTS.
   The referee on a reference to ascertain an attorney's lien cannot award costs to the attorney against his client.

4. SAME—EXTRA ALLOWANCE.
   An extra allowance for attorney's fees on the report of a referee to take testimony on the amount of attorney's fees cannot be given where no costs are allowed in favor of the party asking the allowance.

5. ATTORNEY'S SERVICES—VALUE—EXCESSIVE FINDING.
   An allowance of $225 attorney's fees by a referee's report, where the services consisted merely in drawing an answer, making a motion for the disclosure of plaintiff's residence, and a motion for security for costs, was excessive; $100 was sufficient.

6. REFERENCE—REPORT—MOTION TO CONFIRM.
   Where the judge who ordered a reference to ascertain the amount of attorney's fees went out of office before the return of the testimony and report, a motion for a confirmation of the report is the proper practice in order to bring the matter again before the court.

Action by Hans K. Frost against Theresa Reinach. On motion to confirm a referee's report and for an extra allowance. Report modified; allowance refused.

See 79 N. Y. Supp. 1132.

Samuel D. Levy, for the motion.
H. M. Levin, opposed.

GILDERSLEEVE, J. In the case at bar a motion was made for the substitution of another attorney for the defendant in place of Mr. Sigmund Feuchtwanger, who was then attorney of record for the defendant, Theresa Reinach, in an action brought against her by Hans K. Frost. The motion was granted upon payment to Mr. Feuchtwanger for his services, and the justice made an order referring the matter to Mr. H. W. Bridges to "determine the value" of such services, and the order provided that "on the confirmation of the referee's report and the payment by defendant to said Feuchtwanger of the amount reported due to him, the substitution is to be made; otherwise the motion is denied." Instead of conducting his own case before the referee, Mr. Feuchtwanger retained Mr. Samuel D. Levy to represent him. The referee took testimony, and made a report awarding a "judgment for $195, together with costs and expenses of the reference," against the defendant. Mr. Levy now moves to "confirm the report and for an extra allowance."

Upon a motion for the substitution of attorneys in a pending action a reference ordered to ascertain the amount of the attorney's lien, although in form it may be one to hear and determine· the matters in difference, is in fact one to take evidence and report to the court, so that it may be enabled to fix the amount of the lien. Dean v. Driggs, 82 Hun, 561, 31 N. Y. Supp. 548. The court, upon a practice motion, has no power to order a reference to hear and determine, but can only direct a referee to take testimony and report, with his opinion thereon, Matter of Lord, 81 Hun, 590, 30 N. Y. Supp. 1117. · The reference in the case at bar was, therefore, not a reference to hear and determine, but one in aid of the conscience of the court.

The report of the referee is in no wise binding on the court, who can accept or reject the conclusions of the referee, as the court may see fit. Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572. The referee cannot determine the competency of evidence, but must take what is offered, and leave the question of competency to the court. Scott v. Williams, 23 How. Prac. 393. The referee was absolutely without power to grant costs against defendant in favor of Mr. Feuchtwanger. The only authority or duty of the referee was to take testimony concerning the value of the lien of Mr. Feuchtwanger, and report the same, with his opinion thereon. So far as the motion for an extra allowance is concerned, it is well settled that no allowance can be given where no costs are allowed in favor of the party asking such allowance. Jordan v. Hess, 54 N. Y. St. Rep. 326, 24 N. Y. Supp. 489. So far as the conclusions of the referee as to the value of the services of Mr. Feuchtwanger are concerned, I think the

amount allowed is excessive. It appears that practically all the services consisted in making a motion to compel the disclosure of the residence of the plaintiff, and in making a motion for security for costs, and in preparing the answer. For this work the referee allows a value of $225, of which $30 have been already paid. I think the sum of $100, in addition to the $30 already paid, is sufficient for the services rendered in the action by Mr. Feuchtwanger for the defendant.

Ordinarily, where a reference in aid of the conscience of the court has been ordered, to take testimony and report concerning facts in dispute upon a motion pending before the court, it is not necessary to present exceptions to the report, in order to contest the accuracy of the referee's findings (Martin v. Hodges, 45 Hun, 38), nor to make a formal motion to confirm the report. The motion on which the reference was ordered, technically speaking, remains pending before the court until the return of the testimony and report, whereupon the court, with the additional light thus thrown upon the question, proceeds to determine the original motion. In the case at bar the justice before whom the motion for substitution was made, went out of office before the return of the testimony and report as to the value of attorney's services, and the powers of a judge, with respect to the actions or proceedings or motions pending before the court terminate when he ceases to be a judge. Matter of New York, 139 N. Y. 140, 34 N. E. 757, affirming 69 Hun, 270, 23 N. Y. Supp. 532. As we have seen, the order already entered on this motion grants the motion, but leaves the amount of the sum to be paid as a condition for granting the same, still to be determined. Under such circumstances, the course pursued by Mr. Levy, in moving for a confirmation of the referee's report seems to be the proper practice in order to bring the matter again before the court, especially as that is the course indicated in the order of Mr. Justice Steckler. No costs nor extra allowance can be allowed, as I have indicated above. Nor do I allow, under the circumstances, any costs of the motion. The reference appears to have been prolonged to an unnecessary extent, and the resulting expenses are unduly large. The order of Mr. Justice Steckler does not provide by whom these expenses shall be borne. It does not seem just that the defendant should pay an unnecessarily large bill for the expenses of the reference, in addition to the full value of the attorney's services, for the privilege of changing her attorney. Still the delay and procrastination of the reference seem to have been as much the fault of one party to such reference as of the other. The question as to the proportion in which the expenses should be borne may be decided upon the settlement of the order, which shall be on two days' notice, and upon memorandums handed up by the respective counsel.