SIMON FASSY and SELIM J. GRAZI, Copartners, Trading under the Firm Name and Style of GRAZI-FASSY & COMPANY, Appellants, *v.* MAURICE HARTMAN, Respondent.

First Department, January 13, 1922.

**Partnership — personal contract under seal of one partner selling stock to defendant — assignment of contract by partner to partnership — action by partnership to recover balance due on stock under contract — assignment of right, title and interest in contract did not obligate partnership to assume liability — judgment cannot be rendered against other partner for balance on counterclaim — costs allowable against both plaintiffs.**

In an action by a partnership to recover a balance alleged to be due on the sale of stock to the defendant, it appeared that the contract for the sale, which was under seal, was made by one of the partners, individually, with the defendant, and among other things provided that in case the liabilities of the corporation issuing the stock exceeded a certain amount the partner making the contract of sale would pay to the defendant the excess over the stipulated amount, and that the said partner assigned " all his right, title, and interest in and to the aforesaid contract " to the partnership.

*Held,* that since it was merely alleged that the partner making the contract assigned to the partnership all his right, title and interest in and to the contract, it can neither be inferred nor assumed that the partnership assumed the liabilities to the defendant of the partner making the contract.

And, therefore, a judgment could not be entered against the other partner on defendant's counterclaim for the amount that was in excess of the amount due from the defendant under the contract.

To hold the other partner liable on the counterclaim, personally, would be requiring him to answer for the debt and default of the partner making the contract, and if an attempt had been made by the pleadings to charge him with liability on that theory, he might have interposed the Statute of Frauds as a defense.

While the judgment in favor of the defendant on the counterclaim should have been entered only against the partner making the contract, the defendant is entitled to recover costs and disbursements against both plaintiffs, for they did not succeed in establishing that there was any balance due or owing to them from the defendant under the contract.

APPEAL by the plaintiffs, Simon Fassy and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York

on the 16th day of November, 1920, upon the report of a referee appointed to take and state the account raised by defendant's counterclaim, and also from an order entered in said clerk's office on the 11th day of November, 1920, confirming the report of the referee herein.

*Goldstein & Goldstein [Jonah J. Goldstein* of counsel; *David Goldstein* and *Aiken A. Pope* with him on the brief], for the appellant Grazi.

*Meyer B. Cushner* of counsel [*Henry Siegrist* with him on the brief], for the respondent.

LAUGHLIN, J.:

The action is by copartners doing business under the firm name of Grazi-Fassy & Co. The complaint alleges that the plaintiffs were copartners, and that on the 13th of November, 1915, plaintiff Fassy and the defendant entered into an agreement by which Fassy sold to the defendant sixty-four shares of the capital stock of the International Battery Company for the sum of $6,000, $1,000 of which was paid on the transfer of the stock, and the balance was payable within thirty days thereafter; that Fassy duly complied with the terms of the contract and delivered the stock to the defendant; that the balance of the purchase price, $5,000, became due and payable on the 13th of December, 1915, but has not been paid; and that prior to the commencement of the action, Fassy duly assigned " all his right, title, and interest in and to the aforesaid contract " to the plaintiffs, and judgment is demanded for $5,000, together with interest and costs. The answer admitted the making of the contract and the payment of $1,000 by the defendant thereunder, but put in issue the other material allegations of the complaint; and as a separate defense and by way of setoff and counterclaim defendant set forth the contract in full, and alleged that there became due and owing to him from plaintiff Fassy under the contract on or before the 13th of December, 1915, $968.03 more than the balance of the purchase price of the stock, and offered to offset it to the extent of the amount claimed by plaintiffs, and demanded judgment on the counterclaim for the balance.

The contract was in writing and under seal and, as alleged in the complaint, was made by the defendant and the plaintiff Fassy, and they were the sole parties thereto. By the terms of the contract Fassy represented that the outstanding accounts receivable of the corporation on the date of the execution of the contract were $13,100, with an allowance of $500 for any inaccuracy, not considering discounts and returned merchandise, and that its total liabilities at that date did not exceed $14,400, as shown by a schedule annexed to the contract; and it was agreed that if the liabilities were less than that amount, defendant would pay the difference to Fassy, and in case they exceeded that amount, Fassy would pay the difference to the defendant. It was also agreed that, if there should be any excess in the outstanding accounts receivable over the sum of $13,600, defendant would pay the difference to Fassy; and in the event that the outstanding accounts receivable should be less than $12,600, Fassy would pay the difference to the defendant; and that, in determining these matters, discounts and returned merchandise were not to be figured as deductions. By the agreement, Fassy also represented that the account of the company was not overdrawn at that date. Defendant agreed to pay the liabilities of the company, guaranteed by the plaintiffs to the extent of $7,000, and to hold them free from any or all claims arising out of such guaranty, and to pay or obtain releases of the accounts guaranteed by the plaintiffs within thirty days. The answer then charges that the accounts receivable of the company actually amounted to $154.46 over the amount stated in the contract, and that its liabilities amounted to $6,127.49 over the amount therein stated, and that, therefore, there remained due to the defendant from the plaintiff Fassy the sum of $968.03, for which amount defendant demanded judgment on his counterclaim. Plaintiffs jointly replied to the counterclaim, joining issue on all the material allegations thereof excepting the admission that there became due and owing under the contract from the defendant to Fassy the sum of $5,000; and they alleged in the reply that they had demanded of defendant an accounting under the contract, but that their demand had been refused, and that, therefore, they were unable to ascertain the amount of the outstanding accounts of the

company, and demanded an accounting thereof and judgment for $5,000.

The issues herein were brought to trial at Trial Term, and during the presentation of evidence by the defendant in support of his counterclaim, his counsel asked leave to withdraw a juror and for a reference, on the ground that the trial of the counterclaim would require the examination of a long account. The motion was granted and a formal order was entered, appointing a referee to take and state the account arising on the defendant's counterclaim and to report with his opinion thereon.

On the trial before the referee the counterclaim was amended to include an additional item of $5,000. The allegations of the complaint with respect to the assignment by Fassy of his interest in the contract to the plaintiffs were put in issue by the answer, and no evidence was offered by either party with respect thereto. Thus the record fails to disclose whether there was an assignment, and if so, whether it was merely by delivery of the contract or whether it was in writing; but since it is merely alleged that Fassy assigned to the plaintiffs all his right, title and interest in and to the contract, it can neither be inferred nor assumed that the plaintiffs as a firm *assumed the liabilities of Fassy* to the defendant under the contract. The referee reported, finding that the contract was made between the defendant and Fassy only, and that there became due from the defendant to the plaintiff Fassy $5,000, being the balance of the purchase price of the stock, and the further sum of $154.46, being a credit to which he was entitled on account of a surplus in the accounts receivable; but that the liabilities of the company were $6,127.49 in excess of the amount specified in the contract, and that on this item that amount became due the defendant from Fassy; and that this left a balance of $968.78 in defendant's favor, to which should be added the amount of a note paid by defendant and certain interest, making the total balance due and owing to the defendant from Fassy under the contract over and above the amount unpaid on the purchase price of the stock, the sum of $1,581.28, for which amount the referee found the defendant was entitled to judgment against the " plaintiffs." The court confirmed the

report and directed the entry of judgment against both plaintiffs for the sum of $2,156.31.

Both plaintiffs appealed, but Fassy claimed that the appeal, so far as he was concerned, was unauthorized and abandoned it.

The sole contention of the appellant Grazi is that an affirmative judgment against him was not warranted. He conceded that he was interested in the accounting, for he was interested in maintaining the right of the firm, as Fassy's assignee, to recover the balance of the purchase price of the stock; but his counsel maintains that on no theory of the pleadings or of the evidence is he liable to the defendant for any amount owing by Fassy under the contract. The only manner in which counsel for the respondent attempts to meet this contention is by stating that the point was not taken on the trial, and that the cause was tried on the theory that the plaintiffs as partners assumed Fassy's obligations under the contract. A careful examination of the record in the light of that contention fails to disclose that the contention is borne out by the record. Moreover, to hold the appellant Grazi liable on the counterclaim would be requiring him to answer for the debt and default of Fassy, and if an attempt had been made by the pleadings to charge him with liability on that theory, he might have interposed the Statute of Frauds (Pers. Prop. Law, § 31) as a defense, and for aught that appears, it would have constituted an insurmountable defense. The judgment in favor of the defendant on the counterclaim, therefore, should have been entered against Fassy only, but the defendant is entitled to recover costs and disbursements against both plaintiffs, for they did not succeed in establishing that there was any balance due or owing to them from the defendant under the contract.

The judgment should, therefore, be modified accordingly, and as so modified affirmed, with costs to appellant Grazi.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment modified as directed in opinion and as so modified affirmed, with costs to appellant Grazi. Settle order on notice.