In the Matter of the Application of H. R. BELL for a Private Road
across the Lands of JOHN and LULU MATTHEWS, of the Town
of Louisville, New York.

County Court, St. Lawrence County, March 31, 1928.

**Highways — establishment — proceeding for laying out private road
under Highway Law, §§ 211–226, is not " special proceeding " entitling
owners to costs under Civil Practice Act, § 1492 — costs allowed only
on new hearing.**

A proceeding to establish a private road pursuant to sections 211–226 of the High-
way Law is not a " special proceeding," within the meaning of section 1492
of the Civil Practice Act, so as to entitle the owner of the land on which the
private road is proposed to be laid out to costs upon a determination that the
road is not necessary.

The only provision for costs in such a proceeding is upon a new hearing, as pro-
vided by section 225 of the Highway Law.

MOTION to confirm the decision of the jury in reference to laying
out a private road.

*Andrew J. Hanmer,* for the petitioner.

*H. Benjamin Chase,* for the owners.

DOLAN, J.   The proceeding was brought to establish a private
road as provided in sections 211 to 226, inclusive, of the Highway
Law of the State of New York.

The jury found that proposed private road was not necessary.

The determination of the jury is not opposed on this motion;
the only question is in reference to the award of costs.   The owners
of the land on which the private road was proposed to be laid
out claim that they are entitled to costs.   The applicant opposes
the granting of the same.   Costs are demanded on the theory
that the proceeding had was a special proceeding as contemplated
under section 1492 of the Civil Practice Act.   That section reads
as follows: " Costs in a special proceeding instituted in a court
of record or upon an appeal in a special proceeding taken to a
court of record, where the costs thereof are not specially regulated
in this act, may be awarded to any party, in the discretion of the
court, at the rates allowed for similar services in an action brought
in the same court or an appeal from a judgment taken to the same
court, and in like manner."

Section 4 of the Civil Practice Act defines an action as follows:
" Actions are of two kinds, civil and criminal.   The word " action "
when applied to judicial proceedings, signifies an ordinary prose-
cution in a court of justice by a party against another party for

the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense."

Section 5 defines a special proceeding: " Every other prosecution by a party for either of the purposes specified in the last section is a special proceeding."

The question, therefore, to be determined is this such a special proceeding that costs may be awarded. I think not. The proceeding for laying out a private road is purely statutory. There is no provision in reference thereto for costs, except upon a new hearing as provided under section 225 of said Highway Law. The very fact that costs are provided for in the event of a new hearing implies to my mind that where there is not a new hearing costs cannot be imposed. The Legislature evidently considered this method of laying out private roads the work of laymen rather than lawyers. Judge ANDREWS indicates this in the opinion written by him in *Satterly* v. *Winne* (101 N. Y. 218) wherein he says: " The statute must doubtless be substantially complied with, but exact and technical accuracy in proceedings for the laying out of a private road, conducted, as they usually are, by persons not lawyers, cannot be expected."

Furthermore, the decision of the jury becomes effective without confirmation of the County Court if neither party makes an application to said court within thirty days from the rendering of said decision. (Highway Law, § 224.)

While it may be an injustice for an owner of land to be put to the expense of defending his rights without having any adequate remedy whereby he may be compensated for the moneys actually expended for his own protection, nevertheless, I am unable to find that the Legislature has provided any means whereby costs may be awarded to the successful party. I assume if the applicant had been successful and had made an application for costs, the owners would have opposed the motion. Since the statute has no particular provision for costs except that contained in section 225, it must be admitted if costs can be granted to the owner under any special proceeding they might also be granted to the applicant if he was successful, and that too might work an injustice. Therefore, it seems apparent that the Legislature intended that neither of the parties should be entitled to costs, except upon a new hearing.

An order for the confirmation of the findings of the jury is granted, without costs to either party and an order may be prepared accordingly.