P. V. Baranowsky Company, Ltd., Plaintiff, *v.* Guaranty Trust Company of New York, Defendant.

Ida V. Gordon, Plaintiff-Appellant, and Daniel E. Finn, as Sheriff of the County of New York, Plaintiff, *v.* Guaranty Trust Company of New York, Defendant-Respondent.

(Consolidated Action.)

First Department, April 3, 1936.

*Abraham J. Multer* of counsel [*Samson Selig* with him on the brief, attorney], for the appellant.

*Ralph M. Carson* of counsel [*Davis, Polk, Wardwell, Gardiner & Reed*, attorneys], for the respondent.

DORE, J. The plaintiff, Ida V. Gordon, appeals from two orders — the first, dated January 16, 1935, granting to defendant an additional allowance of $2,000 against the plaintiff Gordon; the second, dated February 27, 1935, denying plaintiff Gordon's motion to review the taxation of defendant's costs and on such review to strike out the costs allowed against plaintiff-appellant in the sum of $521.25.

The principal action was brought in 1921 by plaintiff Baranowsky Company, which does not join in the present appeal, to recover an alleged deposit of $1,707,169.86. The action was tried twice. After the first trial the appellant Gordon, suing as assignee against the plaintiff Baranowsky Company to recover an indebtedness due Gordon's assignor, commenced, in 1934, a sheriff's action against the defendant Guaranty Trust Company in aid of an attachment which Gordon had levied against the property of the Baranowsky Company on the theory that, if the defendant Guaranty Trust Company owed the money to the Baranowsky Company, it should be paid to the sheriff to the extent of Gordon's attachment.

That action was consolidated with the principal Baranowsky action and although the decision granting the motion to consolidate was made November 2, 1934, the formal order of consolidation was not signed or served until November 5, 1934, the day when the trial of the principal action started.

The action brought by plaintiff Gordon in aid of the attachment, with the sheriff as co-plaintiff, was instituted pursuant to section 922 of the Civil Practice Act. In such statutory action costs as against plaintiff are not a matter of right but rest in the discretion of the court under section 943 of the Civil Practice Act, which expressly provides: " Costs *may* be awarded in such an action against the plaintiff in the warrant, but not against the sheriff." (Italics mine.)

Section 943 thus limits the application of mandatory costs in an action by plaintiff and the sheriff jointly, forbidding their allowance in any event against the sheriff and making them discretionary against the plaintiff in the warrant.

The trial of the consolidated action was had by the court without a jury and resulted in a verdict being directed in favor of the defendant. (*Baranowsky Co., Ltd.,* v. *Guaranty Trust Co.,* 156 Misc. 74.) No costs whatever were awarded to defendant by the trial court.

We consider that the rule must be taken as established that, where a motion for consolidation has been made, the successful party in the consolidated action shall be entitled only to the costs of the consolidated action, unless the right to tax the costs of the individual actions is reserved in the order of consolidation. (*Blake* v. *Michigan S. & N. I. R. Co.,* 17 How. Pr. 228.)

The consolidation order herein, of November 5, 1934, made no reservation in respect to costs in the individual actions. Accordingly defendant is not entitled to tax the costs already accrued in the prior action, and for the reasons above indicated defendant was not entitled to mandatory costs against this plaintiff. Hence, the denial of plaintiff's motion to retax was error.

With respect to the order of the trial court imposing an additional allowance of $2,000 against plaintiff Gordon, it appears that after the trial the defendant made a motion for an additional allowance only against plaintiff Baranowsky. In such application defendant, in its supporting affidavits, stated that it did not request such additional allowance to be taxed as costs against plaintiff Gordon for the reason that substantially the entire burden and expense of defending the action had been imposed on defendant by the Baranowsky Company and not by Gordon.

It appears to be uncontradicted that upon the trial of the consolidated action the plaintiffs Gordon and the sheriff did not call a single witness. They merely offered their attachment papers and stated that they rested on Baranowsky's proof and were deemed to have made the same motions and objections. Their whole actual participation in the consolidated action consumed not more

than five minutes. Under these circumstances we consider that the trial court abused its discretion in imposing such additional allowance in favor of the defendant against plaintiff-appellant Gordon. We also hold that the trial court was without authority to grant such additional allowance under section 1513 of the Civil Practice Act, since an additional allowance can be granted only if the party to whom it is allowed is awarded statutory costs; that is to say, costs as of course. As was held in *Frost* v. *Reinach* (40 Misc. 412): " So far as the motion for an extra allowance is concerned, it is well settled that no allowance can be given where no costs are allowed in favor of the party asking such allowance. (*Jordon* v. *Hess*, 54 N. Y. St. Repr. 326.) "

Accordingly, the orders so far as appealed from should be reversed, with twenty dollars costs and disbursements to the appellant, the costs as taxed disallowed as against plaintiff Gordon, and the motion for an additional allowance denied as against said plaintiff.

MARTIN, P. J., McAVOY, O'MALLEY and COHN, JJ., concur.

Orders so far as appealed from unanimously reversed, with twenty dollars costs and disbursements, the costs as taxed disallowed as against the plaintiff Ida V. Gordon, and the motion for an additional allowance denied as against said plaintiff.