In the Matter of the Applications of ANNE W. CHENEY and Twenty-six Other Stockholders of The Syracuse Lighting Company, Inc., for the Appointment of Appraisers to Appraise the Value of Their Stock.*

CENTRAL NEW YORK POWER CORPORATION, Appellant; ANNE W. CHENEY and Others, Petitioners, Respondents.

Fourth Department, June 28, 1939.

*Thomas F. Fennell, II* [*Crandall Melvin* and *Jerome K. Cheney* with him on the brief], for the appellant.

*Carl E. Dorr*, for the respondents.

CROSBY, J. Upon the consolidation of The Syracuse Lighting Company, Inc., with certain other corporations engaged in the same business, to form the Central New York Power Corporation, certain stockholders, thirty-one in number, objected to the consolidation, and took advantage of the remedy afforded to them by sections 21 and 87 of the Stock Corporation Law, to have the value of their stock appraised and the value thereof paid to them. Appraisers were appointed, pursuant to section 21 and their report has been confirmed by the Special Term of the Supreme Court.

No objection is made to the order of confirmation excepting in respect to the allowances of costs. Appellant objects to: (1) Ten dollars " motion costs " allowed to each of the thirty-one petitioning stockholders; (2) a " trial fee and the necessary disbursements " and

---

* Modfg. and affg. 168 Misc. 353.

(3) an " additional allowance " of costs of $2,000; and the appeal is from the parts of the order which allow those three items of costs.

Before discussing the propriety of the allowance of the costs, to which appellant objects, it should be noted that, before proceedings were had before the appraisers, an order of the Special Term was made consolidating the thirty-one separate proceedings that had been started by the dissatisfied stockholders. In the order of consolidation no mention was made of costs.

It was stated on the argument of this appeal, and not disputed, that, in the hearings before the appraisers, twenty days were taken up with the giving of evidence, and that the stenographer's minutes consist of over 1,600 pages, and that the exhibits number over 100. It is evident that the hearings before the appraisers bore some resemblance to a trial of sharply contested issues of fact. Yet no fault is found with the report of the appraisers. The only question here relates to the three items of costs allowed.

Section 21 of the Stock Corporation Law makes no provision for costs beyond saying that " The fees and expenses of the appraisers shall be fixed by the court and paid by the corporation."

It is a well-settled principle of law that costs are the creation of statute. There is no common-law right to them. (*Matter of Holden*, 126 N. Y. 589.)

" At common law neither costs nor disbursements were allowed to the prevailing party in any case, and their allowance has always been regulated by statute." (*Equitable Life Assurance Society* v. *Hughes*, 125 N. Y. 106.)

The order appealed from rests the allowance of costs and disbursements of the proceeding upon section 1492 of the Civil Practice Act; and the $2,000 additional allowance upon the provisions of section 1513 of the Civil Practice Act in relation to " a difficult and extraordinary case."

Let us first consider section 1492. It reads: " Costs in a special proceeding in a court of record * * * where the costs thereof are not specially regulated in this act, may be awarded to any party, in the discretion of the court, at the rates allowed for similar services in an action," etc.

Appellant concedes that this is a special proceeding, but contends that section 1492 does not apply for the reason that it has reference to special proceedings provided for, and regulated by, the Civil Practice Act of which it is a part. Appellant argues that this special proceeding is one authorized by statute outside the Civil Practice Act, and that the statute provides for the fees and expenses

of the appraisers, and would have provided for costs to the parties had the Legislature intended any to be allowed.

Appellant further argues that there is significance in the language of section 1492 which provides that costs of a special proceeding are to be allowed " at the rates allowed for similar services in an action," since only a prevailing party can recover costs in an action. Appellant contends that there was no " prevailing party " because no one contested or questioned the absolute right of the stockholders to have their stock appraised and paid for by appellant, and that appellant had a right to cross-examine witnesses and to produce witnesses of its own, in aid of the appraisers, without being put in the light of a litigant opposing a right which everyone conceded.

There is much force in these arguments. Respondents cite numerous authorities to prove that this is a special proceeding (*Matter of Bickerton* v. *New York Theatre Co.*, 232 N. Y. 1), but none in which costs were allowed in such a proceeding, excepting some in which costs were awarded on appeal. (*Matter of Kinney* 279 N. Y. 423) is an illustration. Appellant cites no case where the exact point involved in this appeal is decided, but relies on cases where condemnation of land was involved, and allowance of costs refused. The language of some of those cases is interesting, though not determinative of our case. (*Matter of Low*, 103 App. Div. 530; *Matter of Rapid Transit R. R. Comrs.*, 197 N. Y. 81, 109.) (See, also, *Matter of Bell*, 131 Misc. 734.)

I reach the conclusion that costs of this proceeding could not properly be allowed under section 1492 of the Civil Practice Act. Why, as a matter of common justice, should costs be allowed to respondents at the expense of the corporate appellant more than to the appellant at the expense of the respondents? The law compels the appellant to buy the stock of the respondents. The appellant may not want the stock, but is forced to take it and pay for it. How much must it pay? Surely not all that the stockholders would demand, but what impartial appraisers determine is right. I cannot believe that, while the appellant was endeavoring to keep the price low, the respondents were lagging in an effort to obtain as much as possible. The effort of both is supposed to have contributed to a just result, for neither side is complaining of the result, but the effort of neither should be at the expense of the other, unless the statute requires it.

Next, as to the $2,000 of additional allowance of costs, for a " difficult and extraordinary case; " I think it must fail along with the other allowance of costs. Surely an " additional " allowance of costs cannot be made if costs cannot be allowed.

It remains to consider the allowance of ten dollars motion costs in each of the thirty-one proceedings. As before stated, each one was a special proceeding. Indeed that is conceded by appellant. They were all consolidated by an order which made no allowance of motion costs. At most, under these circumstances, we think that only one ten dollars allowance of motion costs could have been made when, in the one consolidated proceeding, an order was made confirming the report of the appraisers. (*Baranowsky Co., Ltd.*, v. *Guaranty Trust Co. of N. Y.*, 247 App. Div. 169.)

However, it is my opinion that no motion costs should have been allowed. " An application for an order is a motion." (Civ. Prac. Act, § 113.) In a sense the appointment of the appraisers was made by an " order," though the statute does not call it such, but what started the proceeding was not a motion but a petition. It was so called by the respondents. No motion was made until the application was made to the court " for an order confirming * * * the appraisal." (§ 21.) Doubtless that was a motion, but when it comes to the matter of costs to be granted upon a motion, the Civil Practice Act (§ 1486) provides only that " costs upon a motion *in an action* [and in certain other proceedings, not like the present] * * * may be awarded, either absolutely or to abide the event *of the action*." (Italics mine.) This was not an action.

Theoretically, at least, I suppose the appraisers could have determined the value of the stock without the aid of counsel and witnesses for the respective parties. They could have employed experts, if needed, to assist them, and section 21 would permit the payment of all their necessary expenses. If the respective parties, motivated by self interest, converted the proceeding into a first class legal battle that is no reason why either should pay the costs incurred by the other. Had the Legislature intended such a result it would have said so in the Stock Corporation Law, and would not have left us dependent on a strained construction of sections of the Civil Practice Act.

Furthermore, section 1521 of the Civil Practice Act provides as follows: " This article does not affect any provision contained elsewhere in this act, *or in any other statute* remaining unrepealed after this act takes effect, *whereby the amount of costs is specially fixed*, in a particular case, otherwise than as prescribed in this article." (Italics mine.)

To be sure " costs " are not " specially fixed " in section 21 of the Stock Corporation Law, but the section provides for the payment of fees and expenses of the appraisers, and it is difficult

to believe that the Legislature would not, at the same time, have provided for costs had such been the legislative intent.

The order, so far as appealed from, should be modified, on the law, by striking therefrom the several provisions allowing costs, and as modified affirmed without costs of this appeal.

All concur, except LEWIS, J., who dissents in part and votes for modification and affirmance in accordance with the following memorandum: Believing the appraisement to be a special proceeding, I find in sections 1492 and 1513 of the Civil Practice Act, when read with section 21 of the Stock Corporation Law, the requisite statutory authority for the award of costs made herein by the Special Term as a discretionary act, except the award of separate motion costs upon each application for the appointment of appraisers. In respect to the award last mentioned an order was made consolidating all proceedings into the single proceeding captioned above, without reservation as to costs, thus limiting respondents to motion costs in the single resulting proceeding. (*Baranowsky Co., Ltd.,* v. *Guaranty Trust Co. of N. Y.,* 247 App. Div. 169, 171.) Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Order, so far as appealed from, modified on the law by striking therefrom the several provisions allowing costs and as modified affirmed, without costs of this appeal to any party.