In the Matter of the Applications of ARTHUR C. BAKER and 125 Other Stockholders of UTICA GAS AND ELECTRIC COMPANY for the Appointment of Appraisers to Appraise the Value of Their Stock.— Order so far as appealed from modified on the law by striking therefrom the several provisions allowing costs and as modified affirmed, without costs of this appeal to any party. Memorandum: This case differs, in one respect, from the *Cheney* case decided herewith. [*Matter of Cheney, ante,* p. 401.] Some of the petitions for the appointment of appraisers were signed not by the dissatisfied stockholders but by one Grant as agent. In Grant's verification of the petition he stated that " the reason this verification is made by the deponent and not by the petitioner is that all the material allegations of said petition are within the personal knowledge of deponent." Appellant interposed an answer questioning the authority of Grant to petition. It was justified in doing so. Section 21 of the Stock Corporation Law provides that only the corporation or a dissatisfied stockholder can make the petition. Neither in his petition nor in his verification did Grant show that he had any authority to petition in behalf of others. He merely stated that he had knowledge of the subject-matter. Such knowledge gave him no authority. A trial was had in Special Term to determine whether or not petitioners were properly in court. The matter was determined in favor of the petitioners, but, as is stated in the opinion of the court granting the order here appealed from: " If they [the petitioners] had brought their proceedings strictly within the provisions of section 21 of the Stock Corporation Law, such trials would not have been necessary." Costs should not have been allowed on account of the answer interposed to the petition. All concur, except Lewis and Cunningham, JJ., who dissent and vote for modification and affirmance in accordance with the following memorandum: Believing the appraisement to be a special proceeding, we find in sections 1492 and 1513 of the Civil

Practice Act, when read with section 21 of the Stock Corporation Law, the requisite statutory authority for the award of costs made herein by the Special Term as a discretionary act, except the award of separate motion costs upon each application for the appointment of appraisers. In respect to the award last mentioned an order was made consolidating all proceedings into the single proceeding captioned above, without a reservation in the order itself as to costs, thus limiting respondents to motion costs in the single resulting proceeding. (*Baranowsky Co., Ltd.*, v. *Guaranty Trust Co. of N. Y.*, 247 App. Div. 169, 171.) (The order awards motion costs, fees and disbursements, in a proceeding by minority stockholders to appraise stock.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.