EISENBERG INDUSTRIAL CONTRACTING COMPANY, Plaintiff, *v.* GEORGE BAUMWALL et al., Individually and as Copartners Doing Business as PARAMOUNT YARN DYERS, Defendants.

Supreme Court, Special Term, Kings County, December 7, 1948.

*Samuel B. Ohlbaum* for plaintiff.

*Maurice Edelbaum* for defendants.

FROESSEL, J. The plaintiff in this consolidated action moves for an order retaxing the defendants' bill of costs by striking therefrom and disallowing the sum of $92.25, which is the total of the statutory costs and disbursements embraced in the bill of costs taxed over the plaintiff's objection on November 9, 1948.

The plaintiff herein brought an action in the New York County Supreme Court against the defendants, and the defendants brought a separate action against the plaintiff in this court and thereafter moved to consolidate both actions for trial in this court. The motion was granted and the order of the court dated December 11, 1947, directed that the following be the caption of the consolidated action:

SUPREME COURT : KINGS COUNTY

---

EISENBERG INDUSTRIAL CONTRACTING COMPANY,

Plaintiff,

— against —

GEORGE BAUMWALL and WILLIAM A. CELANTANO, Individually and as Copartners, Doing Business as PARAMOUNT YARN DYERS,

Defendants.

---

The order contained no provision reserving the right to tax costs in the separate actions, although it directed that the pleadings in the separate actions shall stand as the pleadings in the consolidated action. The action was tried, and pursuant to the instructions of the Trial Justice, the jury brought in a verdict in favor of the plaintiff, Eisenberg Industrial Contracting Company, for $481.17, and in favor of the defendants, George Baumwell and William A. Celantano, in the sum of $1,500. A judgment was entered in favor of the defendants for the difference between the recoveries, plus interest and costs.

It is now contended that the costs were improperly entered inasmuch as the recovery was less than the $2,000, which is the minimum recovery upon which costs may be taxed in the Supreme Court, pursuant to section 1474 of the Civil Practice Act.

The plaintiff overlooks the fact that when two or more actions are consolidated, they are at an end and only the consolidated action remains. The successful party is then entitled only to the costs of the consolidated action unless the right to tax costs in the separate actions is reserved in the order of consolidation. (*Gwizdak* v. *Netherland Cab Co.,* 51 N. Y. S. 2d 560; *Baranowsky Co.* v. *Guaranty Trust Co. of N. Y.,* 247 App. Div. 169.) The order of consolidation was submitted by plaintiff's attorney (it recited that it is on his motion), and his

client was made plaintiff and given the corresponding right to open and close. There being no such reservation to tax costs here, the consolidated action must be deemed as an action by the plaintiff, in which the defendants have interposed a counterclaim; and since the verdict on the counterclaim exceeds that allowed plaintiff, the defendants must be considered as the parties prevailing in the consolidated action, and entitled to costs as of course, pursuant to the provisions of section 1475 of the Civil Practice Act. (*Isenberg* v. *B. & Q. T. Corp.*, N. Y. L. J., Nov. 25, 1940, p. 1701, col. 4; *Fassy* v. *Hartman,* 199 App. Div. 338; see, also, 75 A. L. R. 1400 *et seq.*)

Plaintiff's attorney, in one of the moving affidavits, also raises a question concerning interest. Of course interest should not be included in a bill of costs. It is regulated by statute. (Civ. Prac. Act, § 480.) Plaintiff did not ask for the relief in this respect in his notice of motion (Rules Civ. Prac., rule 62) ; nor are the pleadings and the extract from the clerk's minutes before the court. I, therefore, cannot determine the amount of interest each party may be entitled to on this application. If an error has been made which the clerk cannot correct, plaintiff may make appropriate application in this regard.

Accordingly, the motion is denied.

Settle order.