Louis P. Brodsky et al., Plaintiffs, *v.* Frank Fiore et al., Defendants.

Supreme Court, Special Term, New York County, March 28, 1949.

*Jacob Gerstein* and *Solomon Weinstein* for plaintiffs.

*Alex Gangel* for Frank Fiore, defendant.

Eder, J. Motion by defendant Fiore to review taxation of costs and to strike out the same.

In 1945, plaintiff Louis P. Brodsky commenced an action against all of the defendants herein in the Municipal Court to recover for property damage to his automobile. In the same year the plaintiff La Verne Brodsky commenced an action in the City Court to recover for personal injuries from all of the defendants herein caused in the same accident. Thereafter the defendants Taub and Select Service Corp. commenced an action

in this court against the defendant Fiore and Louis P. Brodsky, the plaintiff herein, to recover for personal injuries and property damage arising out of the same accident.

Thereafter, on motion made by defendant Fiore to consolidate all of the actions for all purposes, the motion was granted and an order was made granting the application.

Subsequent to the consolidation this cause was noticed for trial and remained on the regular tort jury calendar until January 26, 1948.

On that day, at a pretrial hearing, plaintiffs' attorney learned for the first time that all of the actions heretofore consolidated had been settled, except the actions originally brought by Louis P. Brodsky and La Verne Brodsky. The pretrial hearing was adjourned until January 30, 1948, in an effort to settle the remaining Brodsky actions. However, a settlement did not materialize. Despite this the minute book entry of the clerk indicated that these actions were marked " Settled ", though, in fact, no settlement had taken place. It became necessary, therefore, to restore the remaining Brodsky actions to the trial term calendar and such motion was granted, and correctly so, since the case had never left the Supreme Court.

Plaintiff Louis P. Brodsky recovered a verdict in the sum of $178.79 and plaintiff La Verne Brodsky recovered a verdict in the sum of $750.

Said plaintiffs taxed costs which were allowed in the sum of $136.67.

Thereafter the costs were retaxed and allowed in the same amount. Upon the retaxation defendant Fiore objected to the right of said plaintiffs to recover any costs and disbursements, contending that when two or more actions are consolidated, they are at an end and only the consolidated action remains and that the successful party is then entitled only to the costs of the consolidated action, unless the right to tax costs in the separate actions is reserved in the order of consolidation (not done here).

In this connection movant relies on *Eisenberg Industrial Contracting Co.* v. *Baumwall* (194 Misc. 15) and *Baranowsky Co., Ltd.,* v. *Guaranty Trust Co.* (247 App. Div. 169) and subdivision 1 of section 1474 of the Civil Practice Act. These cases are, in my opinion, inapplicable to the situation here; the situation is not similar.

While I agree that when actions are consolidated only the consolidated action remains, it does not follow that here no

costs and disbursements are recoverable because in this consolidated action the recovery was less than two thousand dollars.

Subdivision 1 of section 1474 entitled " Limitation of plaintiff's costs by reason of *bringing* action in higher court ", provides:

" The plaintiff shall recover no costs or disbursements;

" 1. In an action brought in the supreme court, triable in any county in the city of New York, which could have been brought, except for the amount claimed therein, in the city court of the city of New York, unless he shall recover two thousand dollars or more."

In opposition to this motion it is argued that the actions of the Brodskys were not brought by them in the Supreme Court but were originally instituted in inferior courts and were " brought " or transferred to this court by affirmative action on the part of defendant Fiore, the movant herein, and, therefore subdivision 1 of section 1474 does not apply and, hence, the costs were properly retaxed and included in the judgment.

I am in accord with this premise.

The test, as I see it, is whether the action could have been brought, originally, except for the amount claimed therein, in the City Court.

" Brought " used in connection with a suit means " instituted ", " commenced " (*Berger* v. *County Comrs. of Douglas County,* 5 F. 23, 26); it signifies *initiation* of legal proceedings (*Hames* v. *Judd,* 16 Daly 110, 111).

In the *Hames* case (*supra*) a motion was made to require nonresident plaintiffs to file security for costs in an action originally commenced in a District Court and removed to the Court of Common Pleas. The court, DALY, J., referring to the statute, said (p. 111): " It provides that defendant may require such security ' in an action brought in a court of record,' and it is contended by this defendant that an action removed into this court is an action ' brought ' in this court. I cannot agree in such a construction of the statute. The word ' brought,' in the section in question, signifies ' begun ' or ' commenced.' The phrase ' to bring an action ' has a settled, customary, legal, as well as general, meaning, and refers to the initiation of legal proceedings in the suit. * * * The word ' brought ' has never been used as synonymous with ' removed ' in cases of removals of actions from one court to another. On the contrary, in the sections of the Code relating to such removal, the word ' brought ' is applied to the commencement of the action in the court from which it is removed. * * * The cases cited by

the defendant, as to the *status* of an action after its removal to this court, have no application  *  *  *."

While the *Hames* case (*supra*) involved the question of the right of defendant to demand security for costs after removal of the action to a higher court and the instant case involves the right to recover costs after removal of the action, upon consolidation, the *Hames* case has construed the word " brought " in connection with the matter of costs after removal of the action and its instructive logic and reasoning are equally applicable here.

For the reasons stated it is my opinion that upon the record here presented, the defendant by obtaining consolidation of the actions and removal of same to this court, cannot deprive the plaintiff of the costs which plaintiff is entitled to by having brought the action in the first instance in the City Court.

The ruling of the taxation clerk in allowing the costs and disbursements, as taxed, is sustained and the motion is denied. Settle order.